**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| MUHAMMAD A. KHAN, *et al.*, | * |
| *Plaintiffs*, | * |
| v. | *   Civil Action No. RDB-26-0511 |
| BMW OF NORTH AMERICA LLC, *et al.*, | * |
| *Defendants*. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## <u>MEMORANDUM OPINION</u>

In this action for breach of warranty, Plaintiffs Muhammad A. Khan and Kauser F. Khan ("Plaintiffs") allege that Defendants, BMW of North America, LLC ("BMW North America") and Russel of Catonsville, LLC, doing business as BMW Catonsville ("BMW Catonsville"), (collectively, "Defendants") failed to repair or replace their vehicle's battery when it fell below the warranted capacity of 70%. *See* (ECF No. 8 ¶¶ 2–25).[1] Plaintiffs filed this action in the Circuit Court for Baltimore County, Maryland, alleging that both Defendants violated (1) the Maryland Automotive Warranty Enforcement Act ("Maryland Lemon Law"), MD. CODE ANN., COM. LAW §§ 14-1501 *et seq.*, (Count I); (2) the federal Magnuson-Moss (FTC) Warranty Improvement Act ("Magnuson-Moss Act"), 15 U.S.C. §§ 2301 *et seq.*, (Count II); and (3) the Maryland Consumer Protection Act ("MCPA"), MD. CODE ANN., COM. LAW §§ 13-101 *et seq.*, (Count III). (ECF No. 8 ¶¶ 26–73.) Against BMW Catonsville only, Plaintiffs

---

[1] Plaintiffs' Amended and Restated Complaint ("Amended Complaint") appears on the docket at ECF No. 1-2, ECF No. 5-30, and ECF No. 8. For clarity and consistency, this Court cites to the Amended Complaint only at ECF No. 8.

allege Fraudulent Misrepresentation under Maryland common law (Count IV). (*Id.* ¶¶ 74–84.) Pursuant to 28 U.S.C. §§ 1331, 1441, BMW North America removed the action to this Court based on federal question jurisdiction as to the Magnuson-Moss claim in Count II. (ECF No. 1.)

Presently pending before this Court are BMW North America's Motion to Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6) (ECF No. 6) and BMW Catonsville's Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6) (ECF No. 11) (collectively, "Defendants' Motions" or "Motions to Dismiss"). Both Motions raise substantially the same legal arguments: (1) that Plaintiffs' state-law claims in Counts I, III, and IV are time-barred;[2] and (2) that Plaintiffs Magnuson-Moss claim in Count II should be dismissed because they did not utilize required informal dispute resolution procedures before filing suit. (ECF No. 6-1 at 4–9; ECF No. 11-1 at 5–9.) Plaintiffs responded to both Motions in a Consolidated Opposition (ECF No. 15) in which they consented to dismissal of Count I. The parties' submissions have been reviewed, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons set forth below, Defendants' Motions (ECF No. 6; ECF No. 11) are GRANTED as to Plaintiffs' federal Magnuson-Moss claim in Count II, and that claim is DISMISSED. Absent an adequately alleged federal claim, this Court declines to exercise supplemental jurisdiction over the remaining state-law claims in Counts I, III, and IV.[3] As such, this case is REMANDED to the Circuit Court for Baltimore County, Maryland.

---

[2] BMW North America's Motion to Dismiss does not address Count IV, which, as noted above, is alleged only against BMW Catonsville. *See generally* (ECF No. 6-1).

[3] Although Plaintiffs consent to dismissal of Count I, this Court does not dismiss that Count because it declines to exercise jurisdiction of the state claims in Counts I, III, and IV.

## BACKGROUND

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). Except where otherwise indicated, the following facts are derived from Plaintiffs' Complaint (ECF No. 8) and accepted as true for the purpose of Defendants' Motions to Dismiss (ECF No. 6; ECF No. 11).

On April 23, 2025, Plaintiffs initiated this action by filing in the Circuit Court for Baltimore County, Maryland a three-Count Complaint (ECF No. 7)[4] against original defendant Safford of Owings Mills, LLC, trading as BMW of Owings Mills. On December 24, 2025, Plaintiffs filed the operative four-Count Amended Complaint, alleging: (1) violation of the Maryland Automotive Warranty Enforcement Act ("Maryland Lemon Law"), MD. CODE ANN., COM. LAW §§ 14-1501 *et seq.*, against both Defendants (Count I); (2) violation of the federal Magnuson-Moss (FTC) Warranty Improvement Act ("Magnuson-Moss Act"), 15 U.S.C. §§ 2301 *et seq.*, against both Defendants (Count II); (3) violation of the Maryland Consumer Protection Act ("MCPA"), MD. CODE ANN., COM. LAW §§ 13-101 *et seq.*, against both Defendants (Count III); and (4) Fraudulent Misrepresentation, against BMW Catonsville only (Count IV). (ECF No. 8 ¶¶ 26–84.) On February 6, 2026, Defendant BMW North America removed the action to this Court, based on this Court's federal question jurisdiction,

---

[4] Plaintiffs' original Complaint appears on the docket at ECF No. 1-1, ECF No. 5-2, and ECF No. 7. For clarity and consistency, this Court cites to the original Complaint only at ECF No. 7.

pursuant to 28 U.S.C. §§ 1331, 1441, over the Magnuson-Moss claim in Count II. (ECF No. 8 ¶¶ 5–6.)

In their Amended Complaint, Plaintiffs allege that on or about October 2024, they purchased from BMW Catonsville, an authorized BMW dealer, a 2014 BMW I3 ("the Vehicle") manufactured and warranted by BMW. (*Id.* ¶ 4.) The contract price of the Vehicle totaled more than $55,000, and Defendants provided a 10-year, 150,000 miles limited warranty.[5] (*Id.* ¶¶ 5–9.) That warranty provided "that the battery at all times during the warranty period would maintain a capacity at least 70% of that when new." (*Id.* ¶ 9.) Plaintiffs allege that in 2022, they became concerned that the output of the Vehicle's battery had fallen below 70% of that when new, and they paid to have the battery tested at BMW Catonsville on September 26, 2022. (*Id.* ¶¶ 9–11.) BMW Catonsville advised Plaintiffs that the battery capacity remained over 70%, but a subsequent test at BMW of Owings Mills in May 2024 revealed that the battery was then functioning at 67% of capacity as compared to that when new. (*Id.* ¶¶ 12–15.) Plaintiffs allege that Defendants failed to honor the warranty by replacing or repairing the component part—that is, the battery—after they learned of the reduced battery capacity. (*Id.* ¶¶ 23–25.)

BMW North America has filed a Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 6), in which it asserts that (1) Plaintiffs' state and common law claims are time-barred as outside the applicable three-year statute of limitations, and (2) Plaintiffs failed to satisfy their contractual duty under the warranty to undergo informal dispute resolution

---

[5] Defendants contend that this alleged 10-year warranty is inapplicable and that the applicable limited warranty was for 8 years and 100,000 miles. (ECF No. 6-1 at 1 (first citing (ECF No. 8 ¶ 23); and then citing (ECF No. 8-8 at 1)); ECF No. 11-1 at 2 (same); ECF No. 15 at 5; *see* (ECF No. 6-2 at 22).

procedures before filing the Magnuson-Moss claim alleged in Count II. (*Id.*) BMW Catonsville has filed a separate Motion to Dismiss, asserting largely the same arguments for dismissal. (ECF No. 11.) Plaintiffs have responded in a Consolidated Opposition (ECF No. 15). Defendant BMW North America has replied. (ECF No. 16.) This matter is now ripe for review.

## STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. "'[T]he purpose of Rule 12(b)(6) is to test the sufficiency of a complaint' and not to 'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)).

To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action . . . ." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). A complaint need not include "detailed factual allegations." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint must, however, set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very

5

remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 556 U.S. at 678; *see A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011).

In considering a motion to dismiss, a court's evaluation is generally limited to allegations contained in the complaint. *E.g.*, *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). However, courts may also consider documents explicitly incorporated into the complaint by reference. *See, e.g.*, *id.* at 166 (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). In addition, a court "may consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Id.* (citing *Sec'y of State for Def. v. Trimble Nav. Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007)). A document is "integral" when "its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis omitted).

## **ANALYSIS**

Plaintiffs have consented to dismissal of the Maryland Lemon Law claim in Count I.[6] (ECF No. 15 at 1–2.) Thus, only the federal Magnuson-Moss claim in Count II, the Maryland Consumer Protection Act claim in Count III, and the common law Fraudulent Misrepresentation claim in Count IV remain disputed. *See* (*id.*). As detailed below, Plaintiffs

---

[6] Although Plaintiffs have consented to dismissal of Count I, because this Court declines to exercise supplemental jurisdiction over their state law claims, it does not reach Count I.

failed to observe their contractual obligation to engage in informal dispute resolution before filing their federal Magnuson-Moss claim. Accordingly, Count II must be dismissed. Absent an adequately alleged federal claim, this Court declines to exercise supplemental jurisdiction over the remaining state statutory and common law claims in Counts I, III and IV.

### I. Magnuson-Moss (FTC) Warranty Improvement Act Claim in Count II

As this Court has previously noted, the Magnuson-Moss (FTC) Warranty Improvement Act ("Magnuson-Moss Act"), 15 U.S.C. §§ 2301 *et seq.*, supplements state law and supplies a federal cause of action for warranty breaches. *Colburn v. Braun Corp.*, 649 F. Supp. 3d 129, 135–36 (D. Md. 2023) (citing *Wolf v. Ford Motor Co.*, 829 F.2d 1277, 1278 (4th Cir. 1987)). It "calls for the application of state written and implied warranty law, not the creation of additional federal law." *Id.* at 136 (quoting *Doll v. Ford Motor Co.*, 814 F. Supp. 2d 526, 545 (D. Md. 2011)). Under the Magnuson Moss Act, when a warrantor has (1) established a qualifying informal dispute resolution mechanism, and (2) incorporated into the written warranty a contractual requirement that the consumer use that mechanism before pursuing any legal remedy, the consumer must utilize that mechanism before filing suit. *Wolf*, 829 F.2d at 1278 (citing 15 U.S.C. § 2310(a)(3)). As such, submission to a contractually obligated informal dispute resolution mechanism is a prerequisite to filing suit for a violation of the Magnuson Moss Act. *Id.*

In this case, the Vehicle's Warranty (ECF No. 6-2 at 4–37)[7] included a provision titled "BBB Auto Line," which outlined "a dispute resolution program" "through mediation or

---

[7] This Court considers the complete warranty as referenced in and integral to Plaintiffs' Amended Complaint. As explained above, courts are limited to the pleadings and matters integral to the complaint when addressing a motion to dismiss pursuant to Rule 12(b)(6). *See Goines*, 822 F.3d at 165–66. In this case, Defendant BMW North America attaches a complete copy of the relevant Warranty to its Motion to Dismiss, (ECF No. 6-2 at

arbitration." (*Id.* at 17–18.) The BBB Auto Line provision is titled in bold text and appears on pages twelve and thirteen of the Warranty. (*Id.*) Within the BBB Auto Line heading is a separately bolded section, that states: "**Important:** You must use BBB AUTO LINE before asserting in court any rights or remedies created by the Magnuson Moss Warranty Act (The Act), 15 U.S.C. § 2301 et seq." (*Id.* at 18.) As such, this provision creates a contractual requirement for an unsatisfied consumer to comply with Defendants' chosen informal dispute resolution mechanism before they may file suit against Defendants under the federal statute. (*Id.*)

Pursuant to 15 U.S.C. § 2310(a)(3), consumers must observe such dispute resolution procedures before they may file suit under the Magnuson-Moss Act. *Wolf*, 829 F.2d at 1278. As Defendants note, Plaintiffs do not allege that they engaged in dispute resolution via BBB Auto Line before filing this action. (ECF No. 6-1 at 8–9; ECF No. 11 at 6–7; ECF No. 16 at 5–6); *see* (ECF No. 8). Indeed, in their Opposition, Plaintiffs assert that they "did review the written warranty, but, as lay consumers, did not appreciate that certain language could later be invoked as a procedural bar to litigation." (ECF No. 15 at 4); *see also* (*id.* (implicitly acknowledging informal dispute resolution was not invoked)). Absent completion of contractually obligated dispute resolution requirements, Plaintiffs "may not commence a civil

---

4–37), while Plaintiffs attach and explicitly incorporate excerpts of the Warranty to their Amended Complaint (ECF No. 8-2; ECF No. 8-6; ECF No. 8-7; ECF No. 8-8). *See* (ECF No. 8 ¶¶ 9, 19–24, 55–57). The Warranty is integral to Plaintiffs' claim in Count II because "its 'very existence . . . gives rise to the legal rights asserted.'" *See, e.g.*, *Kline v. Hyundai Motor Am. Inc.*, 751 F. Supp. 3d 542, 553–54 (D. Md. 2024) (citations omitted); *Thaler v. Donald J. Trump for President, Inc.*, 304 F. Supp. 3d 473, 477 n.5 (D. Md. 2018), *aff'd*, 730 F. App'x 177 (4th Cir. 2018) ("A contract is integral to a breach of contract claim . . . ."). Plaintiffs do not dispute the Warranty's authenticity. *See generally* (ECF No. 15).

action" for damages under the Magnuson-Moss Act. 15 U.S.C. §§ 2310(a)(3)(C), 2310(d)(1); (ECF No. 15 ¶ 53–55 (alleging claim under § 2310(d))).

Where a plaintiff fails to allege exhaustion of dispute resolution procedures as to an Magnuson-Moss claim, courts have discretion either to dismiss the claim without prejudice or to stay the claim pending completion of the appropriate dispute resolution mechanism.[8] *Compare Krush v. TAMKO Bldg. Prods., Inc.*, 34 F. Supp. 3d 584, 595 (M.D.N.C. 2014) (staying Magnuson-Moss claims pending arbitration), *with Carper v. Nissan N. Am., Inc.*, 820 F. Supp. 3d 716, 724 (M.D. Tenn. 2025) (dismissing without prejudice Magnuson-Moss claim where plaintiff failed to allege attempts to contact BBB Auto Line); *see also Carper*, 820 F. Supp. 3d at 724 (collecting cases dismissing Magnuson-Moss claims where plaintiff did not allege completion of dispute resolution). Indeed, as Plaintiffs acknowledge in their Opposition, "[c]ourts addressing alleged failure to exhaust under the [Magnuson Moss Act] routinely dismiss without prejudice or stay proceedings pending completion of the dispute mechanism." (ECF No. 15 at 4.) "A '[d]istrict [c]ourt has broad discretion to stay proceedings.'" *Sierra Club v. Nat'l Marine Fisheries Serv.*, 711 F. Supp. 3d 522, 532 (D. Md. 2024) (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). When determining whether a stay is appropriate, however, courts should consider:

> (1) [T]he impact on the orderly course of justice, sometimes referred to as judicial economy, measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected from a stay; (2) the

---

[8] Unlike arbitration governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 3, which requires a stay of litigation pending arbitration if a party has requested such a stay, *see Smith v. Spizzirri*, 601 U.S. 472, 475–76 (2024), contractual obligations regarding dispute resolution under the Magnuson-Moss Act do not require a stay. Moreover, as the Fourth Circuit has clarified, even under the FAA, it is not clear "what happens when the appealing party never requests a stay." *Mod. Perfection LLC v. Bank of Am., N.A.*, 126 F.4th 235, 244 (4th Cir. 2025). In this case, which raises the issue of a contractual obligation to engage in informal dispute resolution prior to bringing a claim under the Magnuson-Moss Act, neither party has filed a motion to stay.

hardship to the moving party if the case is not stayed; and (3) the potential damage or prejudice to the non-moving party if a stay is granted.

*Int'l Refugee Assistance Project v. Trump*, 323 F. Supp. 3d 726, 731 (D. Md. 2018).

In this case, dismissal, rather than stay, of the Magnuson-Moss claim in Count II is appropriate. First, as to judicial economy, Count II presents the only federal claim in this matter, and Plaintiffs' remaining claims in Counts III and IV apparently are not subject to dispute resolution. Thus, staying the federal claim in Count II would allow the case to proceed only as to the pending state law claims of which this Court has supplemental jurisdiction. Alternatively, to the extent Count II derives of the state law claims, *see, e.g. Tucker v. Michael Bonsby Heating & Air Conditioning, LLC*, Civ. No. TJS-21-2708, 2022 WL 4095356, at *5 (D. Md. Sep. 7, 2022),[9] staying all claims would delay litigation as to the state law claims in Counts III and IV. Second, no party in this case has affirmatively sought a stay, so there is no prejudice to any party in declining to stay this matter. Absent any factors favoring a stay in this case, Plaintiffs' Magnuson-Moss claim in Count II is DISMISSED.

---

[9] Generally, a Magnuson-Moss claim is derivative of a state law claim where the warranty at issue is not a full warranty. *See Heater v. Gen. Motors, LLC*, 568 F. Supp. 3d 626, 645–46 (N.D.W. Va. 2021) ("'[A] court's 'disposition of the state law warranty claims determines [its] disposition of the [Magnuson-Moss] claims.'" (first alteration in original) (quoting *Lessin v. Ford Motor Co.*, No. 3:19-cv-1082, 2021 WL 3810584, at *8 (S.D. Cal. Aug. 25, 2021)) (citing *Lincoln v. Ford Motor Co.*, Civ. No. JKB-19-2741, 2020 WL 5820985, at *11 (D. Md. Sep. 29, 2020))); *accord Crickenberger v. Hyundai Motor Am.*, 944 A.2d 1136, 1141 (Md. 2008) ("'[T]he Magnuson-Moss Act supplements State law with regard to its limited and implied warranty provisions." (citations omitted)). In this case, the Warranty at issue is a *limited* warranty, rather than a *full* warranty. *See* (ECF No. 6-2 at 22, 29; ECF No. 8-2; ECF No. 8-8). This Court reaches no determination as to whether Plaintiff's Magnuson-Moss claim in Count II is derivative of their Maryland Lemon Law claim in Count I because Plaintiffs (1) have not exhausted required dispute resolution proceedings; and (2) have "state[d] that they do not intend to pursue Count I of the Complaint . . . ." (ECF No. 15 at 1.) Nevertheless, the Court notes that Plaintiffs' consent to dismissal of Count I may affect their ability to plead the $50,000 amount in controversy required to bring a Magnuson-Moss claim in federal court. *See* 15 U.S.C. § 2310(d)(2), (3)(B).

## II.    Supplemental Jurisdiction of the State-Law Claims in Counts I, III, and IV

In this case, Defendants removed this matter based on federal question jurisdiction of Count II pursuant to 28 U.S.C. §§ 1331, 1441, and supplemental jurisdiction of the remaining claims. *See* (ECF No. 1 ¶¶ 5–6.) Indeed, federal question jurisdiction of Count II is the only basis for original jurisdiction in this case because Plaintiffs have not alleged the minimum $75,000 amount in controversy required for diversity jurisdiction. 28 U.S.C. § 1332(a); *see* (ECF No. 8 ¶ 6). Courts have broad discretion in choosing whether to retain jurisdiction over state claims once federal claims have been dismissed. 28 U.S.C. § 1367(c); *e.g.*, *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 617 (4th Cir. 2001); *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). In making this determination, the court should consider factors such as "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan*, 58 F.3d at 110 (citation omitted). If these factors weigh in favor of remand, "the court may (and indeed, ordinarily should) kick the case to state court." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 32 (2025) (citation omitted). In this case, Plaintiffs' remaining claims arise under state law such that considerations of judicial economy and comity favor allowing state courts to adjudicate the remaining claims under state statutory and common law. Moreover, no party will be unfairly prejudiced by remand. Accordingly, in the interests of comity and judicial economy, this Court declines to exercise supplemental jurisdiction of the remaining state-law claims in Counts I, III, and IV, pursuant to 28 U.S.C. § 1367(c)(3).[10]

---

[10] Although the parties have consented to dismissal of Count I, because this Court declines to exercise supplemental jurisdiction, it remands that Count together with the remaining Maryland-law claims.

## **CONCLUSION**

For the reasons stated above, Plaintiffs' Magnuson-Moss claim in Count II is DISMISSED. Absent an independent basis for original jurisdiction, this Court declines to exercise supplemental jurisdiction of the remaining state statutory and common law claims in Plaintiffs' Amended Complaint (ECF No. 8). This case is therefore REMANDED to the Circuit Court for Baltimore County, Maryland.

A separate Order follows.

Date: August 3rd, 2026

/s/
_____
Richard D. Bennett
United States Senior District Judge